UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL MILES, Individually, :
:
      Plaintiff, :
:
v. :
: Case No. 3:21-cv-11603
Katfish, L.L.C., a Michigan Limited Liability :
Company, :
:
And :
:
Loon Lake Club, LLC, a Michigan Limited :
Liability Company, :
:
      Defendants.
_____/

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, MICHAEL MILES, Individually, ("Plaintiff"), hereby sues the Defendants, KATFISH, L.L.C., a Michigan Limited Liability Company, and Loon Lake Club LLC, a Michigan Limited Liability Company, (sometimes referred to as "Defendant" or "Defendants"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Michael Miles, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendants' property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, MICHAEL MILES, is a Hancock County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendants KATFISH, L.L.C. and Loon Lake Club LLC's property and businesses, Loon Golf Resort is located at 4400 Championship Dr, Gaylord, MI 49735 in OTSEGO County. As well as owning and/or operating its additional courses and facility locations of The Ridge Golf Course, located at 4815 Old Hwy 27 S, Gaylord, MI 49735 and The Lakes Golf Course, located at 1233 Opal Lake Rd, Gaylord, MI 49735.

6. Michael Miles is paraplegic and uses a wheelchair for mobility.

7. Upon information and belief, the facilities owned or operated by the Defendants are non-compliant with the remedial provisions of the ADA. As Defendants either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' golf resort is a

place of public accommodation. Defendants' property fails to comply with the ADA and its regulations, as also described further herein.

8. MICHAEL MILES visits Gaylord and the surrounding area, including Ostego County, Michigan, for golf trips, snowmobile and four-wheeling and family vacations several times annually since 2005 and has visited, been an overnight guest and golfer at the properties which form the basis of this lawsuit on August 17, 2017, August 18, 2017, September 27, 2018, September 26, 2019, and September 27, 2019 and plans to return to the property to avail himself of the goods and services offered to the public at the property. Michael Miles is an avid golfer and has firm plans to return to the Ridge, the Lakes and the Loon Golf Resorts to golf and stay as an overnight resort hotel guest. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits as a golfer and resort hotel customer, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the

   ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. MICHAEL MILES has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. MICHAEL MILES desires to visit LOON GOLF RESORT not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of LOON GOLF RESORT has shown that violations exist. These violations include, but are not limited to:

**Ridge Resort**

Summit Grill

Parking and Accessible Routes

    A. Designated accessible parking lacks required access aisles, in violation of the ADA whose remedy is readily achievable.

    B. There are no van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    C. Designated accessible parking is not connected to the entrance via an accessible route, in violation of the ADA whose remedy is readily achievable.

    D. There are not the required number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

Restuarant and Clubhouse Restrooms

    E. Signage on the men's and women's restrooms is non-compliant and lacks the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

    F. The lavatory pipes in the men's restroom are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

    G. The designated accessible toilet compartment lacks required clear floor space to accommodate wheelchair users, in violation of the ADA whose remedy is readily achievable.

    H. The toilet paper dispenser in the men's room designated accessible toilet compartment is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

    I. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

    J. The service and transaction counter in the restaurant exceeds allowable height, in violation of the ADA whose remedy is readily achievable.

Guestrooms

    K. Upon information and belief, the resort lacks the required amount of guestrooms equipped with mobility features, in violation of the ADA whose remedy is readily achievable.

    L. There are no resort guestrooms with roll-in showers, in violation of the ADA whose remedy is readily achievable.

M. Designated accessible guestrooms are not dispersed among the various classes of guest rooms, including suites, lodges, and cabins, and do not provide choices of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests at Summit Lodge, Copenhagan Lodge, Bergen Lodge or Scandinavian Cabin. This is in violation of the ADA whose remedy is readily achievable.

Guestroom B-3

N. There is not the required latch-side clearance to exit the guestroom, in violation of the ADA whose remedy is readily achievable.

O. The restroom door handle requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

P. Grab bars inside the bath tub are non-compliant, in violation of the ADA whose remedy is readily achievable.

Q. Faucet controls inside the bathtub are not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

R. The bathtub lacks a handheld sprayer with an on/off switch and non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

S. Grab bars around the water closet are non-compliant, in violation of the ADA whose remedy is readily achievable.

T. There is no seat or permanent bench provided in the bathtub, in violation of the ADA whose remedy is readily achievable.

U. There are amenities, including a towel rod, robe hook, an iron, and closet hangers, located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

V. There is not the required maneuvering clearance around the bed, in violation of the ADA whose remedy is readily achievable.

W. There is not the required maneuvering clearance to access the temperature controls and they require tight grasping or twisting, in violation of the ADA whose remedy is readily achievable.

Guestroom B-4

X. There is not the required latch-side clearance to exit the guestroom, in violation of the ADA whose remedy is readily achievable.

Y. There are amenities, including towels and an iron, located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Z. The restroom door handle requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

AA. There is not the required latch-side clearance to enter the guestroom restroom, in violation of the ADA whose remedy is readily achievable.

BB. Grab bars around the water closet are non-compliant, in violation of the ADA whose remedy is readily achievable.

CC. The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

DD. The water closet seat height is lower than the requirements of the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

EE. The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

FF. Grab bars inside the bath tub are non-compliant, in violation of the ADA whose remedy is readily achievable.

GG. Faucet controls inside the bathtub are not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

HH. The bathtub lacks a handheld sprayer with an on/off switch and non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

II. There is no seat or fixed bench provided in the bathtub, in violation of the ADA whose remedy is readily achievable.

JJ. There is not the required maneuvering clearance around the bed to access the sliding door, in violation of the ADA whose remedy is readily achievable.

KK. The faucet controls are not located between the bathtub rim and grab bar, and between the open side of the bathtub and the centerline of the width of the bathtub, in violation of the ADA whose remedy is readily achievable.

LL. There is not required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

MM. The water closet is not located between 16 inches minimum to 18 inches maximum from the side wall to its centerline, in violation of the ADA whose remedy is readily achievable.

<u>Access to Goods and Services</u>

NN. The drinking fountain is not mounted at the required height with knee clearance, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms

OO. The men's restroom entrance door contains hardware that requires tight grasping or twisting, in violation of the ADA whose remedy is readily achievable.

PP. The men's restroom does not have the required latch-side clearance to exit the restroom, in violation of the ADA whose remedy is readily achievable.

**The Loon**

The Loon Townhome Village

QQ. Upon information and belief, the resort does not offer any guestrooms equipped with mobility features, in violation of the ADA whose remedy is readily achievable.

Clubhouse

Parking and Accessible Routes

RR. Designated accessible parking signage is not located at least 60 inches above the ground surface, in violation of the ADA whose remedy is readily achievable.

SS. Designated accessible parking lacks required access aisles, in violation of the ADA whose remedy is readily achievable.

TT. There is no accessible route from the designated accessible parking to the clubhouse, in violation of the ADA whose remedy is readily achievable.

Downstairs Restrooms

UU. Restroom signage is non-compliant, lacks the international symbol of accessibility, tactile Braille, and is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

VV. The men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

WW. The men's restroom designated accessible toilet compartment door is not self-closing and lacks door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

XX. The men's restroom water closet has a flush control that is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

YY. The men's restroom toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

ZZ. The rear grab bar in the men's restroom toilet compartment is not the required length, in

    violation of the ADA whose remedy is readily achievable.

AAA. Upon information and belief the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Upstairs restrooms

BBB. The men's restroom designated accessible toilet compartment entirely lacks a rear grab bar, in violation of the ADA whose remedy is readily achievable.

CCC. The men's restroom water closet has a flush control that is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

DDD. The men's restroom toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

EEE. The men's restroom coat hook is mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

FFF. The men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

GGG. The men's restroom designated accessible toilet compartment door is not self-closing and lacks door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

HHH. Upon information and belief the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Accessible Routes

III. The on route to navigate the inside of clubhouse from the various shopping and dining amenities includes steps, in violation of the ADA whose remedy is readily achievable.

**The Lakes Course**

Parking

JJJ. Designated accessible parking signage is non-compliant and not mounted at least 60 inches above the ground surface, in violation of the ADA whose remedy is readily achievable.

KKK. Designated accessible parking lacks required access aisles, in violation of the ADA whose remedy is readily achievable.

LLL. Designated accessible parking does not connect to an accessible route, in violation of the ADA whose remedy is readily achievable.

Clubhouse

MMM. Restroom signage is not mounted in the required location and lacks tactile Braille, in violation of the ADA whose remedy is readily achievable.

NNN. The men's restroom door lacks required maneuvering clearance at the latch side to exit, in violation of the ADA whose remedy is readily achievable.

OOO. The men's restroom designated accessible toilet compartment does not have the required clear floor space around the water closet for use by customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

PPP. The toilet paper dispenser in the men's restroom is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

QQQ. The men's restroom toilet compartment coat hook is mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

RRR. The men's restroom toilet compartment door lacks door pulls on both sides, is not self-closing, and requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

SSS. Upon information and belief the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable

TTT. There are not at least 5% of accessible dining surfaces in the clubhouse dining area, in violation of the ADA whose remedy is readily achievable.

UUU. The door to the patio contains hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

VVV. The doorway between the patio and the clubhouse has a threshold in excess of ½ inch in height, in violation of the ADA whose remedy is readily achievable.

**Adaptive Golf Cart and The Golf Courses and Facilities**

WWW. There is no adaptive golf cart available for disabled golfers at any of the resort's three courses whereas, golf carts are offered to able bodied golfers, in violation of the ADA whose remedy is readily achievable.

XXX. There is no accessible route to the Loon course driving range due to being roped off and unstable ground surfaces, in violation of the ADA whose remedy is readily achievable.

YYY. There are barriers along the fairways preventing golf carts from entering with openings at intervals greater than 75 yards, in violation of the ADA whose remedy is

    readily achievable.

    ZZZ.    Upon information and belief, restrooms on the courses do not offer accessible features.

**Policies & Procedures**

    AAAA.    The resort operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. LOON GOLF RESORT, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities,

privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendants' property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys' fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301 et seq.**

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. LOON GOLF RESORT, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

21. Defendants have committed unlawful acts pursuant to M.C.L §37.1302(a) by denying

Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Furthermore, Plaintiff Miles incurred great personal expense to trailer his personal adaptive golf cart to Loon Golf Resort due to the 3 course resort's failure to supply any adaptive carts for the use of disabled patrons. Additionally, Plaintiff Miles experienced significant barriers to parking, accessible routes and overnight transient lodging throughout all parts of the resort. Additionally, the Defendants discriminate by offering a variety of overnight lodging types for able bodied guests but not its disabled patrons.

22. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Co-Counsel for Plaintiff:*

\s\ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. MI Bar Number P66315

Law Offices of Owen B. Dunn, Jr.
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(734) 240-0848 Monroe, MI
(419) 241-9661 – Toledo, OH Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica, OH Bar Number 0083812
4334 W. Central Ave., Suite 222
Toledo, OH 43615
 (419) 654-1622 – Phone
(419) 241-9737 - Facsimile
valeriefatica@gmail.com
*Admitted to the Eastern District